IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

MERILINE DORMINIE,

    Plaintiff,

CASE NO.: 2016-002151-0001-XX

vs.

THE MOORINGS, INCORPORATED,    2:17-CV-576-FtM
d/b/a THE CHATEAU AT MOORINGS PARK,    99MRM

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, MERILINE DORMINIE (hereinafter "Plaintiff"}, by and through the undersigned counsel, hereby sues Defendant, THE MOORINGS, INCORPORATED d/b/a THE CHATEAU AT MOORINGS PARK (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages, declaratory and injunctive relief and damages under the Florida Civil Rights Act of 1992 (FCRA), and Florida Statute Section 760 to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of national origin and retaliation and Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq* . This is an action brought under Chapter 760, Florida Statutes *et seq*.

2. Jurisdiction of this Court is invoked pursuant to Chapter 760. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorney's fees, costs and damages.

3. Plaintiff is and was, at all relevant times, a resident of Collier County, Florida.

4. Plaintiff was an employee of Defendant, performing the duties of a Dining Service employee.

5. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*

7. At all times material hereto Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

9. Venue is proper in the Collier County, Florida because all of the actions complained of herein occurred within the jurisdiction of this Court.

10. Plaintiff is a Black Haitian-American Female and is a member of a class of persons protected from discrimination in his employment under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section760.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and dual filed with the Florida Commission on Human relations, the agencies which are responsible for investigating claims of employment discrimination.

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO COUNTS I & II

13. Plaintiff was employed by Defendant from on or about November 2007 until she was effectively terminated on February 15, 2016.

14. Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

15. Throughout her employment with Defendant, Plaintiff had her scheduled shifts taken away from her and given to a Spanish employee. Plaintiff spoke to her direct supervisor, Boris (LNU), about this and the fact that Plaintiff has children so certain time slots would not work for plaintiff, but nothing was ever done.

16. Throughout her employment with Defendant, Plaintiff as well noticed that non-Haitian employees were allowed to use their cell phones with no issue, however Haitian employees who engaged in the same practices would be reprimanded. Additionally, during her employment with Defendant, Plaintiff became aware that Non-Haitian employees had the option to choose their schedule and departments they wished to work in as the Haitian employees were not given this option.

17. On or about February 1, 2016, without cause or forewarning, Plaintiff's employment was terminated by Defendant.

18. Plaintiff was discriminated against by her employers as indicated in the Charge of Discrimination, attached hereto as Exhibit "A," and incorporated by reference.

19. Plaintiff was ultimately suspended and terminated, as indicated in Exhibit "A," on February 1st, 2016 in retaliation for Plaintiff's complaints of discrimination and any other reason is a mere pretext.

7

20. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected and thus has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO COUNTS III & IV

21. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave to care for her spouse in January 2016. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

22. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

23. On or about December 16, 2015, Plaintiff notified her supervisor, Boris, that she would need time off to go to Haiti as her husband had become very ill.

24. Supervisor Boris told Plaintiff that she could not take time off at that time.

25. On or about January 2, 2016, Plaintiff found out that her husband was in critical condition.

26. The very next day, Boris asked Plaintiff to come in to work the following day even though it was her day off. Plaintiff told her supervisor Boris that she will not be able to pick up that shift as she had to take some days off to bring her husband to the United States because his condition had worsen.

27. On or about January 4, 2016, Plaintiff sent a letter to her supervisor advising that she will be traveling to Haiti.

28. On or about January 29, 2016 Plaintiff returned to the United Stated and reported to work on or about February 1, 2016.

29. Upon her return, Plaintiff was advised that she had been terminated.

## COUNT I
### *DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

31. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals **race, color, or national origin.**

32. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

33. The Plaintiff is a Black female of Haitian national origin and she possessed the requisite qualifications and skills to perform her position with Defendant.

34. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Haitian employees were allowed better work opportunities by not being subjected to racial epithets.

35. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

36. Moreover, as a further result of the Defendant unlawful national-origin based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

37. Plaintiff was qualified for her position with Defendant.

38. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

39. Defendant retaliated against Plaintiff after complaints of race discrimination and failed to address complaints of discrimination.

40. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

41. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

### PRAYER FOR RELIEF

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest; G. For a money judgment representing prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
## RETALIATION

42. Paragraphs 1-20 are hereby re-alleged and reincorporated as if set forth in full herein.

43. Defendant is an employer as that term is used under the applicable statutes referenced above.

44. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes.

45. The foregoing unlawful actions by Defendant were purposeful.

11

46. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

47. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

48. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

49. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the PLAINTIFF prays that this Court will;

    A. Declare that the acts complained of herein are in violation of the Florida Civilm Rights Act;

    B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

    C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin;

    D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

    E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

### COUNT III
### *Interference with Rights under the FMLA*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 and 21-29 above as if set out in full herein.

51. Plaintiff was eligible for FMLA leave for care of her spouse pursuant to 29 U.S.C. § 2612(a)(1)(C), She requested leave pursuant to the statute starting on December 26, 2015.

52. Under the FMLA, Plaintiff had the right to take leave and to return from leave and be restored to her former position or its equivalent.

53. When Defendant denied Plaintiff her right to take leave and then terminated Plaintiff, Defendant interfered with Plaintiff's rights and thus violated the FMLA.

54. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

55. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct its employees.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation under the FMLA*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 and 21-29 above as if set out in full herein.

57. Plaintiff is an individual entitled to protection under the FMLA.

58. Plaintiff is an employee within the meaning of the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave for care of her spouse. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

59. Plaintiff gave Defendant sufficient notice of her need for leave under FMLA.

60. Plaintiff then did take leave from January 5, 2016 until on or about February 1, 2016.

61. Upon Plaintiff's return to work, Defendant notified Plaintiff of the termination of her employment.

62. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

63. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

64. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

65. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

66. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August __, 2017.

                          Respectfully submitted,

                          /s/:_____
                          Peter M. Hoogerwoerd, Esq.
                          Fla. Bar No.: 0188239
                          pmh@rgpattorneys.com
                          Nathaly Lewis, Esq.
                          Fla. Bar No. 118315
                          nl@rgpattorneys.com
                          ***Remer & Georges-Pierre, PLLC***
                          44 West Flagler Street, Suite 2200
                          Miami, FL 33130
                          (305) 416-5000- Telephone
                          (305) 416-5005- Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of August, 2017, I electronically filed the foregoing document with the Clerk of the Court using Florida Courts E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by Florida Courts e-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Nathaly Lewis*
NATHALY LEWIS, Esq.

## SERVICE LIST

Peter Michael Hoogerwoerd, Esq.
Florida Bar No.: 188239
Email: pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.:118315
Email: nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Attorneys for Plaintiff

Otto W. Immel, Esq.
Florida Bar No. 26252
Otto.immel@quarles.com
Ashley E. Sykes, Esq.
Florida Bar No. 119744
Ashley.sykes@quarles.com
1395 Panther Lane, Suite 300
Naples FL 34109
Tel: 239-659-5041
Fax 239-213-5449

Attorneys for Defendant

19